

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

ELIZABETH STEPHENS,

*Plaintiff,*

v.

MICROSOFT CORPORATION, JACOB YOUNG, & BRENT HALAZON,

*Defendants.*

**Case No.:** (Refiling of Case No. 3:24-cv-01432)

**JURY TRIAL DEMANDED**

**COMPLAINT FOR DAMAGES**

**I. PRELIMINARY STATEMENT**

1. This is an action for damages arising from the retaliatory termination of a decorated U.S. Marine Corps veteran and Director of Cyber Risk Intelligence who was fired for attempting to enforce the very security protocols Microsoft claims to uphold.
2. The "Smoking Gun" Admission: Liability in this matter is uniquely established by Defendant Microsoft's own internal records. On August 15, 2023, Microsoft's Workplace Investigations Team (WIT) issued a Closure Memo explicitly substantiating that Plaintiff's manager engaged in a "Failure to Report" violation regarding her discrimination complaints. Microsoft admitted its internal compliance machinery failed, yet it proceeded to terminate the whistleblower rather than correct the misconduct.
3. The Whistleblower Context: Plaintiff was terminated under the pretext of a "security violation" immediately after she engaged in protected activity by reporting severe financial and security irregularities. Plaintiff reported that her department was being pressured to approve budget allocations to a third-party vendor, Casaba Security, for "Ghost Work" that lacked deliverables and left Microsoft's global cloud infrastructure vulnerable.
4. Public Interest & Malice: The gravity of Plaintiff's warning is now a matter of public record. In January 2024, Microsoft appointed this same vendor, Casaba Security, to validate the safety of Microsoft Copilot AI. Furthermore, in April 2024, the Cyber

Washington 98052-6399.

11. Defendant JACOB ("JAKE") YOUNG was, at all relevant times, an employee and manager for Defendant Microsoft, exercising supervisory control over Plaintiff's employment and acting directly or indirectly in the interest of the employer. He is sued in his individual capacities.

12. Defendant BRENT HALAZON was, at all relevant times, an employee and skip-level manager for Defendant Microsoft, exercising supervisory control over Plaintiff's employment and acting directly or indirectly in the interest of the employer. He is sued in his individual capacities.

## IV. FACTUAL ALLEGATIONS

13. Stellar Performance and Protected Status: Plaintiff was employed from January 2016 until her termination on June 2, 2023. From January 2016 until her termination, Plaintiff enjoyed a stellar, progressive career at Defendant's organization that included several promotions, awards, and recognition.

14. Plaintiff is a disabled veteran. For the majority of her highly successful tenure at Microsoft, Plaintiff functioned with an 80% service-connected disability rating. However, as a direct and proximate result of the hostility, discrimination, and retaliation described herein, Plaintiff's conditions were severely aggravated, resulting in the Department of Veterans Affairs recently upgrading her to a 100% Permanent and Total disability rating. Defendants were aware of Plaintiff's disabled status.

15. The Protected Whistleblowing Activity: In late 2022, Plaintiff discovered financial irregularities involving Casaba Security, including pressure to authorize "unvalidated" payments for "Ghost Work" lacking deliverables. Plaintiff formally reported these concerns via Microsoft's "Report It Now" system to halt the illegal authorization of unvalidated vendor payments.

16. FMLA/ADA Protected Leave and Retaliation: There were no issues with Plaintiff's performance or her quiet enjoyment of her job until about August 22, 2022. That is when Plaintiff initially requested an extended leave of absence due to health concerns and informed her leader, Defendant Jake Young, of those health concerns. Within a month, Plaintiff began to experience abnormal behavior from her leaders. In September 2022, she began to experience repeated cancellations of her one-on-one time with Defendant Young. Her core priorities and responsibilities were restructured, and her work was being disseminated among the men on her team. Defendants failed to engage in the interactive process. The unrelenting retaliatory environment fundamentally destroyed Plaintiff's psychological safety, directly causing the severe aggravation of her service-connected PTSD that resulted in her permanent 100% disabled rating.

17. Race Discrimination and Disparate Treatment: The hostility toward Plaintiff was inextricably linked to her race and gender. As a Ghanian American Female, Plaintiff was subjected to disparate treatment not applied to her white, male counterparts. When white male directors raised vendor or security concerns, they were praised. When Plaintiff raised identical concerns regarding Casaba Security, she was dismissed.

18. Escalation by Skip-Level Leadership: Around October 2022, Defendant Young went out on leave, and Plaintiff began reporting directly to Defendant Brent Halazon, her skip level leader. The bad, unreasonable, and retaliatory treatment continued under Defendant Halazon's direct leadership and grew worse with Defendant Halazon going further in illegal treatment by verbally lashing out in anger toward Plaintiff. Defendant Halazon provided contradictory feedback and instructions to the Plaintiff, chipping away at her confidence and intentionally creating an environment that undermined her authority.

19. The Pretextual Termination: In the Spring of 2023, Plaintiff shared a link to a drive with files to internal HR and ER partners regarding her ongoing concerns. In direct response to her attempt and email, Defendants fired her pretextually for violating their security protocol on June 2, 2023. The group of individuals who received the link could access the document itself ONLY if they themselves had the appropriate security clearance. There was no chance of the unauthorized access Defendants claim.

20. The Admission of Liability: On August 15, 2023, Microsoft's WIT issued a Closure Memo explicitly stating that Defendant Jake Young engaged in a "Failure to Report" violation.

## V. CAUSES OF ACTION

## COUNT I: RETALIATION AND DISCRIMINATION (TITLE VII / ADA)

21. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

22. Plaintiff engaged in protected activity by reporting discrimination and requesting accommodation. Defendant Microsoft took adverse action causally linked to this activity and failed to engage in the interactive process.

## COUNT II: RACE DISCRIMINATION (42 U.S.C. § 1981)

23. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

24. Defendants intentionally discriminated against Plaintiff because of her race, subjecting her to disparate treatment, heightened scrutiny, and retaliatory termination. Section 1981 provides for recovery of compensatory and punitive damages without statutory caps against both corporate and individual actors.

## COUNT III: MILITARY STATUS DISCRIMINATION (USERRA)

25. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

26. Defendants discriminated against Plaintiff based on her military service. Plaintiff's veteran status was a motivating factor in her termination. Pursuant to the Elizabeth Dole Act, Plaintiff is entitled to a minimum liquidated damages award of $50,000 for Defendants' knowing failure to comply with federal law.

## COUNT IV: FMLA INTERFERENCE AND RETALIATION (29 U.S.C. § 2601)

27. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

28. Defendants interfered with Plaintiff's exercise of her right to take unpaid leave from work as authorized by the Family Medical Leave Act. Plaintiff states that the exercise of her right to take unpaid leave from work as authorized by FMLA was either the sole reason or a motivating factor for Defendants' disparaging and unlawful treatment of her that ultimately led to her termination.

## COUNT V: RETALIATORY DISCHARGE (TENNESSEE PUBLIC PROTECTION ACT)

*(Pled in the Alternative)*

29. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

30. Pleading in the alternative, as permitted by the Federal Rules of Civil Procedure, Plaintiff alleges she was discharged solely for her refusal to participate in, and/or remain silent about, the illegal authorizing of unvalidated vendor payments.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment as follows:

A. Economic Damages: totaling not less than $1,640,000 (Back pay, front pay, and lost

Safety Review Board (CSRB) of the U.S. Department of Homeland Security condemned Microsoft for a corporate culture that "deprioritized enterprise security investments." Plaintiff was fired for attempting to resist this exact culture of negligence.

## II. JURISDICTION AND VENUE

5. Jurisdiction: This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (Federal Question) as claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (FMLA), and the Uniformed Services Employment and Reemployment Rights Act (USERRA). Supplemental jurisdiction over state law claims, including the Tennessee Public Protection Act (TPPA), is invoked pursuant to 28 U.S.C. § 1367.

6. Administrative Exhaustion (EEOC): Plaintiff has fully exhausted her administrative remedies. Following her termination, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). A Notice of Right to Sue in Federal Court was received from the EEOC, dated September 4, 2024. Plaintiff timely commenced her original action within 90 days of receipt of the EEOC's Notification of Right to Sue.

7. Tennessee Savings Statute: This action is timely refiled pursuant to the Tennessee Savings Statute, Tenn. Code Ann. § 28-1-105. Plaintiff voluntarily dismissed her original federal action without prejudice on March 3, 2025, and files this action within the one-year statutory savings period.

8. Venue: Venue is proper in the Middle District of Tennessee because the unlawful employment practices alleged herein were committed in whole or in part in the Middle District of Tennessee. At the time of termination, Plaintiff worked for Defendant Microsoft remotely from her home in Nashville, Davidson County, Tennessee.

## III. PARTIES

9. Plaintiff ELIZABETH STEPHENS is a resident of Davidson County, Tennessee. She is a veteran, Ghanian American Female who is neurodivergent and over the age of 40. She is a retired U.S. Marine Corps Major, the first Black female Naval Academy graduate to become a Fleet Naval Aviator, and the former Director of Data Center Cyber Risk Intelligence for Microsoft.

10. Defendant MICROSOFT CORPORATION is a foreign corporation qualified to do business in Tennessee. Defendant employs 50 or more employees and is an "employer" within the meaning of Title VII, the ADA, and the FMLA. Defendant Microsoft has its corporate offices located at One Microsoft Way, Redmond,

stock options).

B. Compensatory Damages: For severe emotional distress, reputational harm, and the documented aggravation of Plaintiff's service-connected disabilities (resulting in a 100% permanent and total disability rating), in an amount to be determined at trial.

C. Punitive Damages: For Defendants' malicious indifference; noting that damages under 42 U.S.C. § 1981 are uncapped by statute.

D. USERRA Statutory Penalties: Minimum award of $50,000 per the Elizabeth Dole Act.

E. Attorney's Fees and Costs.

F. Such other relief as the Court deems just and proper.

**JURY DEMAND** Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**Elizabeth Stephens**

*Plaintiff, Pro Se*

1284 Brentwood Highlands Dr.

Nashville, TN 37211

910.459.2552

elizabeth@dbscyber.com

Exhibit A.

 **Gmail**

**Elizabeth Stephens <lizz4896@gmail.com>**

## Microsoft WIT Investigation-Closure Memo

**Camille Woods (CELA) <camillewoods@microsoft.com>**     Tue, Aug 15, 2023 at 2:46 PM
To: "lizz4896@gmail.com" <lizz4896@gmail.com>
Cc: Risa Colistro <Risa.Davis@microsoft.com>

Hi Elizabeth,

This email serves as the conclusion of the WIT investigation into the concerns you raised, through various Microsoft reporting mechanisms. I investigated the following concerns:

1. Alleged unfair treatment and retaliation based on protected characteristics by Brent H.
2. Alleged unfair treatment based on protected characteristics by Jenny M.
3. Alleged unfair treatment based on protected characteristics by Bugra K.
4. Alleged unwelcome verbal conduct by Samuel T.
5. Alleged unwelcome verbal conduct by Lydia J.

After conducting interviews and reviewing relevant documentation, I concluded that these concerns were **unsubstantiated** and did not violate Microsoft's Anti-Harassment and Anti-Discrimination Policy.

I also investigated a concern you raised regarding:

6. Alleged failure to report by Jake Y.

After conducting interviews and reviewing relevant documentation, I concluded that this concern was **substantiated** and did violate Microsoft's Anti-Harassment and Anti-Discrimination Policy.

Microsoft will continue to regard this as a sensitive matter that should be treated with as much confidentiality as possible. I'd also like to reiterate Microsoft's prohibition against retaliation for raising a complaint of a policy violation.

Thank you for your patience as we investigated your concerns. These matters are now closed.

During your last conversation with Risa, my understanding is that you shared new concerns regarding possible retaliation. Microsoft has assigned WIT investigator Melinda De Lanoy to engage with you in relation to any new concerns the company has not previously investigated. She will reach out to you by email in the next day or two.

Best,

Camille

Exhibit A

**Camille Woods**
Corporate Counsel
Workplace Investigations Team - Corporate, External, and Legal Affairs
Microsoft
Office: +1 (737) 289-2323
Email: camillewoods@microsoft.com