ELIZABETH STEPHENS,
     Plaintiff,

v.

MICROSOFT CORPORATION et al.,
     Defendants.

Case No. 3:26-cv-00223

Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Luke A. Evans

## **MEMORANDUM ORDER**

Pending before the Court is a motion by defendants Microsoft Corporation, Jacob Young, and Brent Halazon to dismiss this case for improper venue under Federal Rule of Civil Procedure 12(b)(3); or, alternatively, to transfer this case to the United States District Court for the Western District of Washington under 28 U.S.C. § 1404(a). (Doc. No. 10.) The basis for the motion is a forum-selection clause in the employment agreement of plaintiff Elizabeth Stephens ("Stephens") that set state or federal courts in King County, Washington as the exclusive venue for any litigation arising out of the agreement. Stephens opposes the motion, arguing that venue is proper in this District and that public-interest and other factors override the terms of the employment agreement.

The Court has decided, under Rule 78(b), that a hearing on the motion is not necessary. For the reasons below, the Court grants[1] the motion on the alternative grounds and directs transfer of this case to the Western District of Washington.

---

[1] "A motion to transfer venue under 28 U.S.C. § 1404(a) is a non-dispositive pretrial matter that a Magistrate Judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A)." *Sardeye v. Wal-Mart Stores E., LP*, No. 3:18-CV-01261, 2019 WL 4276990, at *1 (M.D. Tenn. Sept. 10, 2019) (internal quotation marks and citations omitted). A non-dispositive resolution to the request for dismissal under Rule 12(b)(3) is appropriate given that the transfer does not adjudicate any claims in the complaint. Under the circumstances here, because the "penalty to be imposed, rather than the penalty sought by the movant" controls magistrate judge authority, *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995), the Court is proceeding by order rather than by report

## I. Background

On November 11, 2015, Stephens electronically signed an employment agreement from defendants that set the general terms for her at-will employment.[2] (Doc. No. 11-1 at 5–8.) The employment agreement included a choice-of-law and a forum-selection clause that set forth that "I agree that this Agreement shall be governed for all purposes by the laws of the State of Washington as such laws apply to contracts performed within Washington by its residents and that exclusive venue and exclusive personal jurisdiction for any action arising out of this Agreement shall lie in state or federal court located in King County, Washington." (*Id.* at 7 ¶ 17.) Stephens worked for defendants until June 2, 2023. On February 27, 2026, Stephens filed a complaint with five claims alleging discrimination or retaliation under multiple federal and state laws. (Doc. No. 1.)[3]

Defendants filed the pending motion on April 22, 2026. Defendants argue that this District is an improper venue under 28 U.S.C. § 1391 because Stephens did not "allege facts showing that a substantial part of the events or omissions giving rise to her claims against the Defendants occurred in Tennessee." (Doc. No. 11 at 4.) Defendants argue further that the forum-selection

---

and recommendation. *Cf. Fowler v. Tenth Planet, Inc.*, 673 F. Supp. 3d 763, 768 (D. Md. 2023) (standard of review for Rule 37 dismissal sanction "is governed by the result the Magistrate Judge determines") (citations omitted); *Edwards v. DeBord*, No. 7:18-CV-00423, 2021 WL 5827324, at *3 (W.D. Va. Dec. 8, 2021) (same) (citations omitted).

[2]     The employment agreement includes the word "California" in the title. (Doc. No. 11-1 at 5.) Stephens has clarified that she signed the agreement when she was a resident of California. (Doc. No. 30 at 6.)

[3]     On May 15, 2026, plaintiff filed a document that she titled a first amended verified complaint for damages and injunctive relief. (Doc. No. 29.) The document was not filed within 21 days after service of the pending motion, meaning that Stephens cannot invoke her right to amend once as a matter of course under Rule 15(a)(1). Stephens did not seek leave of court under Rule 15(a)(2). Given the disposition of the pending motion, the Court will refer to the original complaint as the operative pleading but will let the transferee court decide whether the purported amended complaint should be accepted.

clause in the employment agreement is valid and enforceable and applies to all of the claims in the complaint. (*Id.* at 6.) While defendants contend primarily for dismissal under Rule 12(b)(3) or transfer under 28 U.S.C. § 1406(a), they argue in the alternative that transfer should occur under 28 U.S.C. § 1404(a).

Stephens opposes the motion in all respects. Stephens argues that venue is proper in this District for reasons including that this District is where her injuries occurred. (Doc. No. 30 at 5–6.) As for the forum-selection clause, Stephens does not challenge its applicability or validity; she argues instead that enforcing it "would contravene public-interest factors, violate statutory federal policy, require a foreign court to interpret Tennessee common-law public policy, and result in a manifest injustice that functionally deprives Plaintiff of her day in court due to physical and logistical impossibility." (Doc. No. 30 at 2.) Stephens argues further that the forum-selection clause in the employment agreement is preempted by the whistleblower provision of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A. (*Id.* at 6.) Finally, Stephens details multiple public-interest factors and circumstances that weigh against a transfer. (*Id.* at 7–14.)

## II. Discussion

### A. Venue and transfers generally.

The Court begins by clarifying the process for assessing defendants' motion. Independent of any forum-selection clauses in any contracts, "venue" is a statutory term of art that means that Stephens could have filed this case in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b). As a result, a case filed in a district that falls within § 1391 may not be dismissed under § 1406(a) or Rule 12(b)(3)." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 56 (2013). The Court will address the impact of the forum-selection clause below, but absent that clause, Stephens arguably could have filed suit in this District because she earned her wages here and communicated with defendants here for the events that gave rise to her claims. *Cf. Sterling-Gooden v. NinePatch, Inc.*, No. 3:26-CV-10, 2026 WL 1329290, at *2 (E.D. Tenn. May 13, 2026) (Fair Labor Standards Act case properly venued where remote workers "allegedly incurred unpaid wages, unpaid overtime, and similar compensation deficits"); *Kinzie Advanced Polymers, LLC v. Calyx Containers, LLC*, No. 1:24 CV 1887, 2025 WL 2903642, at *5 (N.D. Ohio Sept. 17, 2025) (venue proper where "alleged interference with the contracts between Plaintiff, an Ohio company, and Tatum, a former employee of an Ohio company, is an event connected to this District"). Consequently, the only part of defendants' motion that is properly before the Court is whether transfer should occur under 28 U.S.C. § 1404(a). *See, e.g., Martin v. Stokes*, 623 F.2d 469, 474 (6th Cir. 1980) (Section 1404(a) applies to "the transfer of actions commenced in a district court where both personal jurisdiction and venue are proper"); *Eagle Min., LLC v. Elkland Holdings, LLC*, No. CIV. 14-105-ART, 2014 WL 3508017, at *2 (E.D. Ky. July 14, 2014) ("If the original court has personal jurisdiction and venue, the court may still transfer the case to another district court under § 1404(a); if the court has no personal jurisdiction or venue, it may transfer the case under § 1406(a).") (citations omitted).

**B.** **Stephens agreed in advance to an enforceable forum selection clause that requires transfer.**

"In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine*, 571 U.S. at 62 (citations omitted). "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." *Id.* at 63 (internal quotation marks and citation omitted). As long as a forum-selection clause "is applicable, mandatory, valid, and enforceable," *Lakeside Surfaces, Inc. v. Cambria Co.*, LLC, 16 F.4th 209, 216 (6th Cir. 2021), three factors change the Section 1404(a) analysis: 1) the plaintiff's choice of forum merits no weight, *Atl. Marine*, 571 U.S. at 63; 2) a court "must deem the private-interest factors to weigh entirely in favor of the preselected forum," *id.* at 64; and 3) a transfer will not bring with it the choice-of-law rules of the original venue, *id.* The plaintiff bears the burden "of showing why the court should not transfer the case to the forum to which the parties agreed." *Id.*; *accord Firexo, Inc. v. Firexo Grp. Ltd.*, 99 F.4th 304, 311 (6th Cir. 2024) (citations omitted). "In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain." *Atl. Marine*, 571 U.S. at 66.

Here, the *Atlantic Marine* factors weigh in favor of transfer. The forum-selection clause contains mandatory language that any action arising out of Stephens's employment had to be maintained in a state or federal court in King County, Washington—which, for federal court, means the Western District of Washington. The claims in the complaint all concern different forms of discrimination or retaliation and directly implicate the terms of employment established by the

5

employment agreement.[4] Finally, Stephens has argued extensively about the ways in which litigating in a different district would inconvenience her. However, "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation . . . . [W]hatever inconvenience the parties would suffer by being forced to litigate in the contractual forum as they agreed to do was clearly foreseeable at the time of contracting." *Atl. Marine*, 571 U.S. at 64 (internal quotation marks and citations omitted); *cf. Servpro Indus., Inc. v. Woloski*, No. 3:17-CV-01433, 2018 WL 11474910, at *5 (M.D. Tenn. July 9, 2018) (denying transfer out of the district designated by a forum-selection clause "because Defendants are presumed to have already weighed these considerations [convenience of witnesses and financial burden] in agreeing to the forum selection clause"). Under these circumstances, this litigation will have to proceed in the Western District of Washington.

## III. Conclusion

For all of the foregoing reasons, the Court GRANTS defendants' motion (Doc. No. 10) IN PART to grant the alternative request to transfer venue under 28 U.S.C. § 1404(a). The Clerk of the Court is directed to take the steps necessary to transfer this case to the Western District of Washington. All of Stephens's currently pending motions will be preserved for adjudication in the transferee court.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge

---

[4]     Additionally, even if the Court accepted the purported first amended complaint, Stephens has not shown how a transfer that preserves all of her claims in a federal judicial forum would constitute a waiver that could implicate 18 U.S.C. § 1514A(e).

6